UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kiara Clay,<br>Plaintiff,<br><br>v.<br><br>The Shyft Group, Inc. d/b/a Utilimaster, and Management Analysis and Utilization, Inc. d/b/a MAU Workforce Solutions,<br>Defendants. | CASE NO.: _____<br><br>**COMPLAINT** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of gender discrimination and sexual harassment was filed with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the EEOC on or about September 29, 2023.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Kiara Clay, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Charleston, State of South Carolina.

5. The Defendant, The Shyft Group, Inc. d/b/a Utilimaster, upon information and belief, is a foreign corporation organized in the State of Michigan and operating under the laws of the State of South Carolina.

6. The Defendant, Management Analysis and Utilization, Inc. d/b/a MAU Workforce Solutions, upon information and belief is a foreign corporation organized in the State of Georgia and operating under the laws of the State of South Carolina.

7. The Defendants are "persons" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. The Defendants are industries that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. Defendant MAU employed the Plaintiff providing pay, benefits, leave, supervision, Human Resources Support, and having the ability to terminate the Plaintiff. Defendant Shyft also employed the Plaintiff as a "joint employer" providing direct supervision of the Plaintiff, training on how to perform her job functions, providing all tools and machinery necessary to perform her job functions, and having the ability to effectuate the termination of the Plaintiff.

11. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

12. On or about October 14, 2022, Plaintiff was placed at Defendant Shyft as a temporary employee by Defendant MAU. At all times, Plaintiff was effective and efficient in her employment.

13. Beginning on or about October 14, 2022, the Plaintiff was subjected to sexual harassment by a co-worker, Darnell.

14. Plaintiff exchanged phone numbers with Darnell, trying to be friendly, but Plaintiff started to receive sexual comments via text message from Darnell. Plaintiff repeatedly told Darnell that she was not interested and to stop.

15. Plaintiff also reported the sexual harassment to Human Resources and her manager, but nothing was done.

16. Plaintiff started to receive sexual comments and touching by Darnell. Plaintiff again told him that it was unwanted and to stop.

17. On or about October 24, 2022 and October 25, 2022, Plaintiff again reported the gender discrimination and sexual harassment to Human Resources.

18. Despite the several requests for him to stop his sexual comments and behaviors, Darnell continued to sexually touch and grab Plaintiff on several occasions.

19. While Plaintiff and Darnell were at work, Darnell would come to Plaintiff's position on the line and grab her buttocks and make sexual remarks to her.

20. On another occasion, Darnell came up behind Plaintiff as she was bent over working on her line and grabbed Plaintiff from behind and began to grind his genital area on her backside.

21. On yet another occasion, Darnell again came to Plaintiff's station, and ran his hand up her inner thigh, and lifted her up and placed her on his lap while making sexual remarks.

22. All of these instances were reported to Human Resources and the manager, but nothing was done.

23. On or about October 27, 2022, the Plaintiff inquired about the investigation into the gender discrimination and sexual harassment by Darnell and was subsequently terminated on the spot.

24. Plaintiff's termination was pretextual in nature and was in reality, retaliation for reporting the gender discrimination and sexual harassment of Darnell.

25. Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act, Plaintiff was subjected to adverse terms and conditions by the Defendants causing a hostile work environment.

26. The Defendants created a hostile work environment by allowing the severe and pervasive harassment to continue after the Plaintiff's complaints of harassment and discrimination.

27. The Plaintiff was subjected to severe and pervasive sexual harassment and discrimination based on her gender, which created a hostile work environment.

28. As a direct and proximate result of the acts and practices of Defendants in creating a hostile environment in the workplace, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life and other past and future losses.

29. The Plaintiff was subjected to retaliation when she was fired on or about October 27, 2022, for reporting complaints of sexual harassment and gender discrimination.

30. Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon reporting the detrimental treatment, sexual harassment and discrimination based on her sex, Plaintiff was terminated from her position in retaliation for asserting her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

31. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

32. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of Defendants' retaliation as alleged above.

33. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

34. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

35. Upon information and belief, the company fired the Plaintiff in an effort to foreclose the sexual harassment complaints of the Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Civil Rights/Discrimination**
**(Gender Discrimination)**

36. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

37. Plaintiff is a member of a protected group on the basis of her sex and gender. Plaintiff was discriminated against due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

38. Plaintiff had a satisfactory job performance while she worked for the Defendants.

39. Plaintiff asserts that the preferential treatment was a mere pretext for the discrimination against Plaintiff based on her gender and sex (female).

40. Defendants were wanton, reckless, wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff due to her gender and sex (female);

   b. In discharging Plaintiff due to her gender and sex (female); and

   c. In discharging Plaintiff for filing reports of gender discrimination and inappropriate behaviors.

41. That in failing to protect Plaintiff from sex and/or gender discrimination, or preferential treatment, Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and Equal Employment Opportunity Act.

42. Defendants violated the Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), by allowing the sex and/or gender discrimination and preferential treatment to exist in the workplace.

43. As a direct and proximate result of Defendants' discrimination on the basis of sex and/or gender, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

44. Defendants' employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

45. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of the employment discrimination as alleged above.

46. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Violation of Civil Rights/Discrimination
### (Sexual Harassment)

47. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

48. The Plaintiff is a member of a protected class due to her gender.

49. Plaintiff had a satisfactory job performance while she worked for the Defendants.

50. The Defendants, as the Plaintiff and the harasser's employer were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

   a. In permitting visual and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

   b. In continually allowing the perpetrator to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner;

   c. In refusing to remove the Plaintiff from the sexual harassment; and

   d. In terminating the Plaintiff for reporting sexual harassment in the workplace.

51. That by reason of the aforesaid recklessness, willfulness and wantonness of the Defendants, the Plaintiff has suffered injuries, both physical and mental.

52. That in failing to protect the Plaintiff from sexual harassment and preferential treatment, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

53. The Plaintiff's complaints of sexual harassment were a determining factor in the wrongful discharge of the Plaintiff. But for the Plaintiff's complaints of sexual harassment, she would not have been terminated.

54. As a direct and proximate result of the Defendants' termination on the basis of complaints of sexual harassment in the workplace, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

55. The Defendants' employment discrimination of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

56. As a direct and proximate result of the acts and practices of the Defendants in the termination of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to the Plaintiff's reputation and other past and future losses.

57. Due to the acts of the Defendants, their agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits lost wages, loss of front pay, back pay and other work benefits, attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION
### Retaliation – Violation of Civil Rights

58. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

59. That as alleged above, Plaintiff complained to the Defendants on several occasions about gender discrimination and sexual harassment.

60. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

61. That shortly after making said complaints, the Defendants fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

62. The Defendants' stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

63. The Plaintiff's reports of gender discrimination and sexual harassment were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff' reports of gender discrimination and sexual harassment, she would not have been terminated.

64. The Defendants were wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

65. That the aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

66. In failing to protect the Plaintiff from retaliation, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

67. The Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

68. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

69. That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

## FOR A THIRD CAUSE OF ACTION
### Hostile Work Environment – Violation of Civil Rights

70. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

71. Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), Plaintiff was subjected to adverse terms and conditions by the Defendants causing a hostile work environment.

72. The Defendants' wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendants violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing a hostile work environment to exist in the workplace.

73. The Defendants were wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

74. That the aforesaid discharge of Plaintiff's employment by the actions of Defendants constitutes a violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

75. As a direct and proximate result of the acts and practices of Defendants in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## **REQUEST FOR RELIEF**

76. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

77. Due to the acts of the Defendants, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

78. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendants with back pay and associated benefits she would have earned such amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendants for mental anguish, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendants, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

*(Signature on following page)*

                                        **WIGGER LAW FIRM, INC.**

                                        s/ *Matthew O. King*
                                        Matthew O. King (Fed. I.D. #13793)
                                        Attorney for the Plaintiff
                                        8086 Rivers Avenue, Suite A
                                        North Charleston, SC  29406
                                        (843) 553-9800

North Charleston, South Carolina
December 22, 2023